UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

NORTH CAROLINA FISHERIES ASS'N, )
INC., et al., )
            Plaintiffs, )
            v. )   Civil Action No. 06-cv-01815-JDB
THE HONORABLE CARLOS )
GUTIERREZ, in his official capacity as the )
Secretary of Commerce, )
            Defendant. )

## ANSWER

Defendant Carlos Gutierrez, in his official capacity as the Secretary of Commerce (hereinafter referred to as the National Marine Fisheries Service ("NMFS")), by and through the undersigned counsel, answers Plaintiffs' complaint as follows:

## INTRODUCTION

1.    Paragraph 1 consists of Plaintiffs' legal characterization of their case, to which no response is required.

2.    With regard to the allegations contained in Paragraph 2, NMFS admits the management actions in Amendment13C to the Fishery Management Plan for the Snapper-Grouper Fishery of the South Atlantic Region ("Amendment 13C"), 71 Fed. Reg. 55096 (Sept. 21, 2006), address overfishing for snowy grouper, golden tilefish, vermilion snapper and black sea bass in the exclusive economic zone ("EEZ") off North Carolina, South Carolina, Georgia and Florida ("South Atlantic EEZ"). NMFS also admits Amendment 13C increases the allowable catch of red porgy in the South Atlantic EEZ. NMFS denies the remaining allegations

in Paragraph 2.

3. Paragraph 3 consists of a conclusion of law to which no response is required. To the extent a response is required, except to admit that Amendment 13C does not contain a rebuilding plan for snowy grouper, golden tilefish, vermilion snapper, or black sea bass, NMFS denies the allegations in Paragraph 3.

4. Paragraph 4 consists of conclusions of law to which no response is required. To the extent a response is required, NMFS denies the allegations in Paragraph 4.

5. Paragraph 5 consists of conclusions of law to which no response is required. To the extent a response is required, NMFS denies the allegations in Paragraph 5.

6. NMFS denies the allegations contained in Paragraph 6.

7. NMFS denies the allegations contained in Paragraph 7.

## PARTIES

8. NMFS possesses insufficient information or knowledge to form an opinion as to the truth of the allegations in the first, second, and third sentences of Paragraph 8, and on that basis denies them. NMFS denies the allegations in the fourth sentence of Paragraph 8.

9. NMFS possesses insufficient information or knowledge to form an opinion as to the truth of the allegations in the first, second, and third sentences of Paragraph 9, and on that basis denies them. NMFS denies the allegations in the fourth sentence of Paragraph 9.

10. NMFS lacks sufficient knowledge to admit or deny the allegations contained in the first, second, and third sentences of Paragraph 10, and on that basis denies them. NMFS denies the allegations in the fourth sentence of Paragraph 10.

11. NMFS lacks sufficient knowledge to admit or deny the allegations contained in the first and second sentences of Paragraph 11, and on that basis denies them. NMFS denies the

allegations in the third sentence of Paragraph 11.

12. NMFS admits the allegations contained in the first sentence of Paragraph 12. NMFS denies the allegations contained in the second sentence of Paragraph 12. The third sentence of Paragraph 12 consists of a conclusion of law, to which no response is required.

## SUBJECT MATTER JURISDICTION

13. Paragraph 13 consists of conclusions of law, to which no response is required.

14. Paragraph 14 consists of a conclusion of law, to which no response is required.

15. Paragraph 15 consists of conclusions of law, to which no response is required. NMFS admits that the final rule implementing Amendment 13C was published on September 21, 2006.

## VENUE

16. Paragraph 16 consists of conclusions of law, to which no response is required.

## REGULATORY BACKGROUND

17. Paragraph 17 purports to characterize the Magnuson-Stevens Act ("MSA"), 16 U.S.C. §§ 1852(a) & (h)(1), which speaks for itself and constitutes the best evidence of its contents. NMFS denies any allegation inconsistent with the statute's plain language, meaning, or context.

18. Paragraph 18 purports to characterize, and quote from, the MSA, 16 U.S.C. § 1853(c), which speaks for itself and constitutes the best evidence of its contents. NMFS denies any allegation inconsistent with the statute's plain language, meaning, or context.

19. Paragraph 19 purports to characterize the MSA, 16 U.S.C. §§ 1851 & 1853(a), which speaks for itself and constitutes the best evidence of its contents. NMFS denies any

allegation inconsistent with the statute's plain language, meaning, or context.

20. Paragraph 20 consists of a conclusion of law, to which no response is required.

21. Paragraph 21 purports to characterize the MSA, 16 U.S.C. §§ 1853 & 2854. NMFS avers that the MSA does not contain a § 2854. NMFS further avers that the MSA speaks for itself and constitutes the best evidence of its contents. NMFS denies any allegation inconsistent with that statute's plain language, meaning, or context.

22. Paragraph 22 purports to characterize, and quote from, the MSA, 16 U.S.C. § 1854(a)(1)(A), which speaks for itself and constitutes the best evidence of its contents. NMFS denies any allegation inconsistent with the statute's plain language, meaning, or context.

23. Paragraph 23 consists of a conclusion of law, to which no response is required.

24. Paragraph 24 purports to characterize, and quote from, the MSA, 16 U.S.C. § 1854(a)(1)(A). NMFS denies that the quoted language appears in § 1854(a)(1)(A), and avers that it instead appears in § 1854(a)(3). NMFS further avers that the MSA speaks for itself and constitutes the best evidence of its contents. NMFS denies any allegation inconsistent with the statute's plain language, meaning, or context.

25. Paragraph 25 purports to characterize, and quote from, the MSA, 16 U.S.C. § 1854(e)(3), which speaks for itself and constitutes the best evidence of its contents. NMFS denies any allegation inconsistent with the statute's plain language, meaning, or context.

26. Paragraph 26 purports to characterize, and quote from, the MSA, 16 U.S.C. §§ 1853 & 1854, which speaks for itself and constitutes the best evidence of its contents. NMFS denies any allegation inconsistent with the statute's plain language, meaning, or context.

27. Paragraph 27 purports to characterize, and quote from, the MSA, 16 U.S.C. § 1852(g)(1), which speaks for itself and constitutes the best evidence of its contents. NMFS

denies any allegation inconsistent with the statute's plain language, meaning, or context.

28. Paragraph 27 purports to characterize, and quote from, the MSA, 16 U.S.C. § 1851(a)(1), which speaks for itself and constitutes the best evidence of its contents. NMFS denies any allegation inconsistent with the statute's plain language, meaning, or context.

## FACTUAL ALLEGATIONS

29. NMFS admits the allegations contained in Paragraph 29.

30. NMFS admits the allegations contained in the first sentence of Paragraph 30. NMFS admits the second sentence of Paragraph 30, and avers that these species are also commercially harvested by diving, and that vertical lines can also be hydraulically operated. NMFS admits the third sentence of Paragraph 30, and avers that longlines can be longer than five miles. With regard to the fourth sentence of Paragraph 30, NMFS admits that a longline vessel may not be used to fish in the EEZ for South Atlantic snapper grouper species south of 27° 10´ N. latitude, or north of 27° 10´ N. latitude where the charted depth is less than 50 fathoms. NMFS denies the remaining allegations in the fourth sentence of Paragraph 30.

31. NMFS possesses insufficient information or knowledge to form an opinion as to the truth of the allegations in Paragraph 31, and on that basis denies them.

32. NMFS possesses insufficient information or knowledge to form an opinion as to the truth of the allegations in Paragraph 32, as written. NMFS avers that the snapper grouper fishery is described in Amendment 13C, which is based on the best scientific information available. NMFS further avers that Amendment 13C speaks for itself and is the best evidence of its contents.

33. NMFS possesses insufficient information or knowledge to form an opinion as to the truth of the allegations in Paragraph 33, as written. NMFS avers that the snapper grouper

fishery is described in Amendment13C, which is based on the best scientific information available. NMFS further avers that Amendment 13C speaks for itself and is the best evidence of its contents.

34.    Except to admit that North Carolina may be at the northernmost part of the range for vermilion snapper, NMFS denies the allegations in the first sentence of Paragraph 34. NMFS possesses insufficient information or knowledge to form an opinion as to the truth of the allegations in the second sentence of Paragraph 34, as written. NMFS avers that the snapper grouper fishery is described in Amendment13C, which is based on the best scientific information available. NMFS further avers that Amendment 13C speaks for itself and is the best evidence of its contents.

35.    NMFS possesses insufficient information or knowledge to form an opinion as to the truth of the allegations in Paragraph 31, and on that basis denies them.

36.    NMFS possesses insufficient information or knowledge to form an opinion as to the truth of the allegations in Paragraph 36, as written, and on that basis denies them. NMFS avers that the snapper grouper fishery is described in Amendment13C, which is based on the best scientific information available. NMFS further avers that Amendment 13C speaks for itself and is the best evidence of its contents.

37.    Except to admit that NMFS admits the Fishery Management Plan for the Snapper-Grouper Fishery of the South Atlantic Region ("Snapper Grouper FMP") was implemented in 1983 and it contains 73 species in the management unit, NMFS denies the allegations contained in Paragraph 37.

38.    With regard to the first sentence of Paragraph 38, NMFS admits that the commercial snapper grouper fishery is subject to quotas, minimum sizes of certain fish, trip

limits, closed areas, and limitations on new entrants to this fishery such that a person desiring to acquire a limited access transferable permit for snapper grouper must obtain and exchange two such permits for one new permit. NMFS denies the remaining allegations in the first sentence. NMFS admits the allegations contained in the second sentence of Paragraph 38. NMFS admits the allegations contained in the third, fourth and fifth sentences of Paragraph 38. NMFS avers that size limits, bag limits, and closures help to constrain the recreational sector to stay within its allocation.

39. NMFS possesses insufficient information or knowledge to form an opinion as to the truth of the allegations in Paragraph 39, and on that basis denies them.

40. NMFS possesses insufficient information or knowledge to form an opinion as to the truth of the allegations in Paragraph 40, and on that basis denies them.

41. NMFS possesses insufficient information or knowledge to form an opinion as to the truth of the allegations in Paragraph 41, and on that basis denies them.

42. NMFS denies the first sentence of Paragraph 42. The second sentence of Paragraph 42 purports to characterize, and quote from, the Southeast Data, Assessment and Review ("SEDAR") for snowy grouper. The SEDAR reports speak for themselves and constitute the best evidence of their contents. NMFS denies any allegation inconsistent with the reports' plain language, meaning, or context.

43. The first sentence of Paragraph 43 purports to characterize, and quote from, the SEDAR reports, documents that speak for themselves and constitute the best evidence of their contents. NMFS denies any allegation inconsistent with the document's plain language, meaning, or context. NMFS denies the allegations in the second sentence of Paragraph 43. With respect to the allegations in the third sentence of Paragraph 43, NMFS avers that all SEDAR

assessments include a list of research recommendations intended to improve the accuracy and precision of future assessments.

44. NMFS denies the allegations in Paragraph 44.

45. NMFS denies the allegations contained in the first sentence of Paragraph 45. The second sentence of Paragraph 45 purports to characterize, and quote from, a report completed by Mr. High, a document that speaks for itself and constitutes the best evidence of its contents. NMFS denies any allegation inconsistent with the document's plain language, meaning, or context.

46. The allegations in Paragraph 46 purport to characterize the SEDAR reports and a report from Mr. High, documents that speak for themselves and constitute the best evidence of their contents. NMFS denies any allegation inconsistent with the documents' plain language, meaning, or context.

47. Paragraph 43 purports to characterize, and quote from, the SEDAR reports, document that speaks for itself and constitutes the best evidence of its contents.

48. Except to admit that the issue of scientific uncertainty was discussed by the South Atlantic Fishery Management Council ("Council") during the development of Amendment 13C, NMFS denies the allegations in Paragraph 48.

49. The allegations in Paragraph 49 consist of conclusions of law, to which no response is required. To the extent a response is required, except to admit that the Council at one time considered an amendment to the Snapper Grouper FMP that contained, among other things, rebuilding schedules and measures to end overfishing, NMFS denies the allegations in the first sentence of Paragraph 49. Except to admit that the Council considered whether to ask the Secretary to promulgate an interim measure to address overfishing pursuant to 16 U.S.C. §

1855(c), NMFS denies the allegations in the second sentence of Paragraph 49.

50. Paragraph 50 consists of a conclusion of law to which no response is required. To the extent a response is required, NMFS denies the allegations in Paragraph 50.

51. Except to admit that the Council decided at the June 2005 meeting to develop a regulatory amendment to address measures to reduce overfishing for snowy grouper, golden tilefish, black sea bass and vermilion snapper, and that this regulatory amendment became Amendment 13C to the Snapper Grouper FMP, NMFS denies the allegations in Paragraph 51.

52. NMFS denies the allegations contained in Paragraph 52. NMFS avers that the Regional Administrator for NMFS' Southeast Region spoke to the Council about the lengthy period of time overfishing had been occurring for snowy grouper, golden tilefish, black sea bass and vermilion snapper, and the need to end overfishing, as well as the Council responsibilities to end overfishing pursuant to 16 U.S.C. § 1854(e).

53. NMFS denies the allegations contained in Paragraph 53.

54. NMFS denies the allegations contained in Paragraph 54. NMFS avers that the Regional Administrator and other Council members discussed the need for a complete and accurate social and economic analysis in Amendment 13C.

55. NMFS denies the allegations contained in Paragraph 55. NMFS avers that the Regional Administrator and other Council members discussed the need for complete and accurate social and economic analyses in Amendment 13C at the September 2005 and December 2005 Council meetings.

56. NMFS denies the allegations contained in Paragraph 56. NMFS avers that the Regional Administrator and other Council members discussed the need for complete and accurate social and economic analyses in Amendment 13C at the September 2005 and December

2005 Council meetings.

57.     NMFS denies the allegations contained in Paragraph 57.

58.     NMFS denies the allegations contained in Paragraph 58.

59.     NMFS denies the allegations contained in the first sentence of Paragraph 59. NMFS possesses insufficient information or knowledge to form an opinion as to the truth of the allegations in the second sentence of Paragraph 59, and on that basis denies them.

60.     Except to admit that the NCFA, Mr. Oden, Mr. High, and the South Atlantic Sustainable Fisheries Association provided comments during the public comment process for Amendment 13C, NMFS denies the allegations in Paragraph 60.

61.     NMFS possesses insufficient information or knowledge to form an opinion as to the truth of the allegations in the first and second sentences of Paragraph 61, and on that basis denies them.  NMFS avers that the snapper grouper fishery is described in Amendment13C, which is based on the best scientific information available.  NMFS further avers that Amendment 13C speaks for itself and is the best evidence of its contents.  The allegations contained in the third sentence of Paragraph 61 purport to characterize Plaintiffs' comments, documents that speak for themselves and constitute the best evidence of their contents.  NMFS denies any allegation inconsistent with the documents' plain language, meaning, or context.

62.     The allegations contained in the first sentence of Paragraph 62 purport to characterize Plaintiffs' comments, documents that speak for themselves and constitute the best evidence of their contents.  NMFS denies any allegation inconsistent with the documents' plain language, meaning, or context.

63.     NMFS denies the allegations contained in Paragraph 63.

64.     NMFS denies the allegations contained in Paragraph 64.

65.     NMFS denies the allegations contained in Paragraph 65. NMFS avers that given the life history of snowy grouper, it is possible for a snowy grouper rebuilding plan to exceed 30 years.

66.     NMFS denies the allegations contained in Paragraph 66.

67.     The allegations contained in the first sentence of Paragraph 67 purport to characterize Plaintiffs' comments, documents that speak for themselves and are the best evidence of their contents. NMFS denies any allegation inconsistent with the documents' plain language, meaning, or context. The allegations contained in the second sentence of Paragraph 67 appear to characterize SEDAR reports, documents that speak for themselves and are the best evidence of their contents. NMFS denies any allegation inconsistent with the documents' plain language, meaning, or context.

68.     NMFS denies the allegations contained in Paragraph 68.

69.     With regard to the allegations contained in Paragraph 69, NMFS admits that at the December 2005 council meeting, the Council directed its staff and the Southeast Regional NMFS staff to complete Amendment 13C according to the decisions the Council had made at the meeting prior to formally sending Amendment 13C to the NMFS Southeast Regional Office for Secretarial review pursuant to 16 U.S.C. § 1854. NMFS denies the remaining allegations in Paragraph 69.

70.     NMFS denies the allegations contained in Paragraph 70. NMFS avers that the Council's Scientific and Statistical Committee met in October 2005 and reviewed the Public Hearing Draft of Amendment 13C.

71.     NMFS denies the allegations contained in Paragraph 71.

72.     NMFS denies the allegations contained in Paragraph 72.

73. NMFS admits North Carolina submitted comments regarding Amendment 13C. Those comments speak for themselves and are the best evidence of their contents. NMFS denies any allegation inconsistent with the comments' plain language, meaning, or context. NMFS denies the remaining allegations of Paragraph 73.

74. NMFS denies the allegations contained in Paragraph 74.

75. Except to admit that the Secretary approved Amendment 13C as submitted by the Council, NMFS denies the allegations in Paragraph 75.

76. Paragraph 76 consists of conclusions of law to which no response is required. To the extent a response is required, NMFS denies the allegations in Paragraph 76.

## COUNT ONE

77. NMFS incorporates by reference each and every response to the allegations contained in Paragraphs numbered 1 through 76 above.

78. Paragraph 78 purports to characterize the MSA, 16 U.S.C. § 1855(f), which speaks for itself and constitutes the best evidence of its contents. NMFS denies any allegation inconsistent with the statute's plain language, meaning, or context.

79. Paragraph 79 purports to characterize the Administrative Procedure Act ("APA"), 5 U.S.C. § 706(2), which speaks for itself and constitutes the best evidence of its contents. NMFS denies any allegation inconsistent with the statute's plain language, meaning, or context.

80. Paragraph 80 purports to characterize, and quote from, the MSA, 16 U.S.C. § 1853(a)(9), which speaks for itself and constitutes the best evidence of its contents. NMFS denies any allegation inconsistent with the statute's plain language, meaning, or context.

81. Paragraph 81 purports to characterize, and quote from, the MSA, 16 U.S.C. § 1851(a), which speaks for itself and constitutes the best evidence of its contents. NMFS denies

any allegation inconsistent with the statute's plain language, meaning, or context.

82. Paragraph 82 purports to characterize the MSA, 16 U.S.C. §§ 1855(f) and 1851(a), which speaks for itself and constitutes the best evidence of its contents.  NMFS denies any allegation inconsistent with the statute's plain language, meaning, or context.

83. Paragraph 83 purports to characterize, and quote from, the MSA, 16 U.S.C. § 1851(a)(2), which speaks for itself and constitutes the best evidence of its contents.  NMFS denies any allegation inconsistent with the statute's plain language, meaning, or context.

84. NMFS denies the allegations contained in Paragraph 84.

85. NMFS denies the allegations contained in Paragraph 85.

## COUNT TWO

86. NMFS incorporates by reference each and every response to the allegations contained in Paragraphs numbered 1 through 85 above.

87. Paragraph 87 purports to characterize, and quote from, the MSA, 16 U.S.C. § 1851(a)(4), which speaks for itself and constitutes the best evidence of its contents.  NMFS denies any allegation inconsistent with the statute's plain language, meaning, or context.

88. Paragraph 88 purports to characterize, and quote from, the MSA, 16 U.S.C. § 1851(a)(5), which speaks for itself and constitutes the best evidence of its contents.  NMFS denies any allegation inconsistent with the statute's plain language, meaning, or context.

89. Paragraph 89 purports to characterize, and quote from, the MSA, 16 U.S.C. § 1851(a)(6), which speaks for itself and constitutes the best evidence of its contents.  NMFS denies any allegation inconsistent with the statute's plain language, meaning, or context.

90. Paragraph 90 purports to characterize, and quote from, the MSA, 16 U.S.C. § 1851(a)(8), which speaks for itself and constitutes the best evidence of its contents.  NMFS

denies any allegation inconsistent with the statute's plain language, meaning, or context.

91.     NMFS denies the allegations contained in Paragraph 91.

## COUNT THREE

92.     NMFS incorporates by reference each and every response to the allegations contained in Paragraphs numbered 1 through 91 above.

93.     Paragraph 93 purports to characterize, and quote from, the MSA, 16 U.S.C. § 1854(e), which speaks for itself and constitutes the best evidence of its contents. NMFS denies any allegation inconsistent with the statute's plain language, meaning, or context.

94.     Paragraph 94 purports to characterize, and quote from, the MSA, 16 U.S.C. § 1854(e)(4)(A)(i), which speaks for itself and constitutes the best evidence of its contents. NMFS denies any allegation inconsistent with the statute's plain language, meaning, or context.

95.     NMFS denies the allegations contained in Paragraph 95.

## COUNT FOUR

96.     NMFS incorporates by reference each and every response to the allegations contained in Paragraphs numbered 1 through 95 above.

97.     The allegations in Paragraph 97 consist of a conclusion of law, to which no response is required.

98.     Paragraph 98 purports to characterize the Regulatory Flexability Act ("RFA"), 5 U.S.C. § 611(a)(1)-(2), which speaks for itself and constitutes the best evidence of its contents. NMFS denies any allegation inconsistent with the statute's plain language, meaning, or context.

99.     Paragraph 98 purports to characterize the Regulatory Flexability Act ("RFA"), 5 U.S.C. § 604(a)(2)-(5), which speaks for itself and constitutes the best evidence of its contents.

NMFS denies any allegation inconsistent with the statute's plain language, meaning, or context.

100.    NMFS denies the allegations contained in Paragraph 100.

## PRAYER FOR RELIEF

The remainder of the Complaint consists of Plaintiffs' Prayer for Relief, to which no response is required. To the extent a response is required, NMFS denies that Plaintiffs are entitled to any of the relief requested in its Relief Requested, including each and every subpart, including paragraphs a-f, or to any relief whatsoever.

## GENERAL DENIAL

NMFS denies any allegations contained in Plaintiffs' Complaint, whether express or implied, that are not specifically admitted, denied or qualified. To the extent any allegation contained in Plaintiffs' Complaint remains unanswered, NMFS denies such allegations.

## AFFIRMATIVE DEFENSES

1.     NMFS reserves the right to assert such affirmative defenses that may appear applicable during the course of this litigation.

2.     Wherefore, NMFS respectfully requests that the Court deny all relief sought by Plaintiffs, dismiss Plaintiffs' Complaint in its entirety, with all parties to bear their own costs; and to grant NMFS such further relief as the Court deems appropriate.

Respectfully submitted this 8th of December, 2006.

                          SUE ELLEN WOOLDRIDGE
                          Assistant Attorney General

                          JEAN E. WILLIAMS
                          Chief, Wildlife & Marine Resources Section

                          s/ *Robert P. Williams*
                          ROBERT P. WILLIAMS, Trial Attorney
                          U.S. Department of Justice
                          Wildlife & Marine Resources Section
                          Benjamin Franklin Station, P.O. Box 7369
                          Washington, DC 20044-7369
                          (202) 305-0210 (ph)
                          (202) 305-0275 (fx)
                          robert.p.williams@usdoj.gov

                          ***Attorneys for Federal Defendants***

Of Counsel:

Monica A. Smit-Brunello
Department of Commerce, NOAA
Office of General Counsel
Southeast Regional Office
263 13th Avenue South, Suite #177
St. Petersburg, Florida   33701
(727) 824-5361
(727) 824-5376 (fax)

CERTIFICATE OF SERVICE

      I hereby certify that on December 8, 2006, the foregoing will be electronically filed with the Clerk of Court using the CM/ECF system, which will generate automatic service of such filing upon all parties registered to receive such notice, including the following:

David E. Frulla
Email: dfrulla@kelleydrye.com
Shaun M. Gehan
Kelley Drye & Warren LLP
3050 K Street, NW – Suite 400
Washington, DC 20007

*Counsel for Plaintiffs*

                                        s/ *Robert P. Williams*
                                        ROBERT P. WILLIAMS, Trial Attorney