UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                                    )
**NORTH CAROLINA FISHERIES ASSOCIATION,** *et al.*  )
                                                    )
    Plaintiffs,                  )
                                                    )
v.                                                  ) No. 1:06-cv-01815-JDB
                                                    )
**THE HONORABLE CARLOS GUTIERREZ,**                 )
                                                    )
    Defendant.                   )
_____)

**PLAINTIFFS' MOTION FOR EXPEDITED CONSIDERATION AND RESOLUTION**

    Pursuant to 16 U.S.C. § 1855(f)(4) and for the reasons set forth in its accompanying Memorandum of Points and Authorities, Plaintiffs North Carolina Fisheries Association, Jeff Oden, Joseph Andrew High, and Avon Seafoods, respectfully submit this Motion for Expedited Consideration and Resolution of the issues in this matter.  Pursuant to Local Rule 7(m), counsel for Movant has conferred with counsel for Defendant.  Defendant Carlos Gutierrrez states that he does not oppose Plaintiff's request to expedite this case.

    For the foregoing reasons, Movant respectfully requests that its Motion to Expedite Resolution be granted.

Dated:  January 10, 2007        Respectfully submitted,

                                      _____/s/_____
                                      DAVID E. FRULLA
                                      D.C. Bar No. 414170
                                      SHAUN M. GEHAN
                                      D.C. Bar No. 483720
                                      Kelley Drye & Warren LLP
                                      3050 K Street, N.W. – Suite 400
                                      Washington, D.C.  20007
                                      Telephone:  (202) 342-8400

                                      **Attorneys for Plaintiffs**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                                    )
**NORTH CAROLINA FISHERIES ASSOCIATION,** *et al.*  )
                                                    )
    **Plaintiffs,**                )
                                                    )
v.                                                  )   No.  1:06-cv-01815-JDB
                                                    )
**THE HONORABLE CARLOS GUTIERREZ,**                 )
                                                    )
    **Defendant.**                 )
_____)

**PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT
OF MOTION FOR EXPEDITED CONSIDERATION AND RESOLUTION**

Plaintiffs include fishing vessel owners and a dealer of fish products, and an association representing the same, who participate in the South Atlantic snapper grouper fishery. They submit this Memorandum in support of their Motion for Expedited Consideration and Resolution of this case under the judicial review provisions of the Magnuson-Stevens Fishery Conservation and Management Act ("Magnuson-Stevens Act"), 16 U.S.C. § 1855(f)(4).

**STATEMENT OF THE CASE**

In their Complaint, Plaintiffs challenge the Defendant Secretary of Commerce's exercise of his authority under the Magnuson-Stevens Fishery Conservation and Management Act, 16 U.S.C. §§ 1801-1883, and the Regulatory Flexibility Act ("RFA"), 5 U.S.C. §§ 601-613. More specifically, Plaintiffs have alleged that Amendment 13C to the to the South Atlantic Snapper Grouper Fishery Management Plan ("Amendment 13C") and its implementing regulations, set forth at 71 Fed. Reg. 55096 (Sept. 21, 2006), fail to meet legally required standards applicable to such rules, and omit statutorily mandated elements. Defendant in this rulemaking also failed to develop and consider required alternatives to minimize the economic impacts of the proposed

regulations on small entities, as required by the RFA. Plaintiffs have also alleged that the economic impacts analysis, required by the Magnuson-Stevens Act and other applicable law, was unilaterally altered by the Defendant in a manner such that it no longer represents the best available scientific information, utilization of which is another Magnuson-Stevens Act rulemaking requirement.

Particularly relevant to this Motion, Defendant's statutory designee, the South Atlantic Fishery Management Council ("Council"), is currently in the process of developing follow-up amendments to the Snapper Grouper Fishery Management Plan which, at least at this stage, do not appear to rectify the deficiencies identified in Plaintiffs' Complaint. An early decision in this matter will provide both the Council and Defendant guidance in the proper application of the law to the processes they are now undertaking. Such guidance at the earliest possible time would help prevent aggregation of harm to the industry, minimize the likelihood of a subsequent legal challenge (and thereby reducing costs and promoting regulatory efficiency), and allow for any necessary course correction to insure that the fishery and industry are governed by implementable and effective rules at the earliest possible time.

Furthermore, because, as explained below, Plaintiffs are precluded by the Magnuson-Stevens Act from seeking a preliminary injunction in this matter, they will continue to suffer economic harm so long as this case remains unresolved. Plaintiffs understand that this is the reason the Magnuson-Stevens Act allows parties to move for expedited consideration.

Plaintiffs, moreover, are committed to arguing this case in an expeditious manner, as reflected in the contemporaneously filed Proposed Case Management Plan. Under this proposal, briefing should be complete by no later than April 18, 2007. We would respectfully request a

hearing date as soon thereafter as is practicable for this Court, and a decision within a reasonable time after full submission of the arguments.

## ARGUMENT

Plaintiffs seek an expedited hearing and consideration of this case pursuant to the judicial review provisions of the Magnuson-Stevens Act. Although the MSA does not provide for interim injunctive relief, *see* 16 U.S.C. § 1855(f)(1)(A), it does recognize that review proceedings, like this one, are time sensitive and typically require immediate judicial consideration. *See Associated Fisheries of Maine, Inc. v. Evans*, 329 F. Supp. 2d 172, 174-75 (D. Me. 2004) (noting that the "statutory mandate that the Court 'expedite' challenges" to rules implementing amendments to fishery management plans is particularly appropriate "[i]n light of the harm that would come from a delayed decision").

Section 1855(f)(4) states: "Upon a motion by the person who files a petition under this subsection, the appropriate court *shall assign the matter for hearing at the earliest possible date and shall expedite the matter in every possible way*." 16 U.S.C. § 1855(f)(4) (emphasis added). Recognizing that delay in deciding fisheries matters might deny such plaintiffs an "effective remedy," courts have used flexible processes to speed resolution of Magnuson-Stevens Act cases. *See*, *e.g.*, *J.H. Miles & Co., Inc. v. Brown*, 910 F. Supp. 1138, 1147 (E.D. Va. 1995) (holding an evidentiary hearing to avoid time delays from remand to the agency for explanation of technical matters).

As Plaintiffs have shown above, it is very important to the members of the North Carolina commercial fishing industry who participate in the South Atlantic snapper grouper fishery to have a decision at the earliest possible time. Plaintiffs also believe that Defendant

**NCFA's Memorandum in Support of it Motion to Expedite  - Page 3**

shares this interest. Thus, the law and the interest of all parties all weigh in favor of granting Plaintiffs' Motion.

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully submit that their Motion for Expedition should be granted. Accordingly, Plaintiffs seek the entry of a scheduling order that will permit a judicial determination of their claims as near to the close of arguments as is practicable.

Dated: January 10, 2007

Respectfully submitted,

_____/s/_____
DAVID E. FRULLA
D.C. Bar No. 414170
SHAUN M. GEHAN
D.C. Bar No. 483720
Kelley Drye & Warren LLP
3050 K Street, N.W. – Suite 400
Washington, D.C. 20007
Telephone: (202) 342-8400

**Attorneys for Plaintiffs**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                            )
**NORTH CAROLINA FISHERIES ASSOCIATION,** *et al.*  )
                                            )
    **Plaintiffs,**                          )
                                            )
**v.**                                      ) No. 1:06-cv-01815-JDB
                                            )
**THE HONORABLE CARLOS GUTIERREZ,**         )
                                            )
    **Defendant.**                          )
_____)


**[PROPOSED] ORDER GRANTING PLAINTIFFS' UNOPPOSED MOTION FOR
EXPEDITED CONSIDERATION AND RESOLUTION**

    This matter came before the Court on Plaintiffs North Carolina Fisheries Association's, Jeff Oden's, Joseph Andrew High's, and Avon Seafoods' Unopposed Motion for Expedited Consideration and Resolution of this action. The Court, having considered Plaintiffs' submissions,

    HEREBY GRANTS Plaintiffs' Unopposed Motion For Expedited Consideration and Resolution.


Dated: _____         _____
                               Hon. John D. Bates
                               United States District Court Judge