UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| NORTH CAROLINA FISHERIES ASSOCIATION, INC., et al.,<br><br>    Plaintiffs,<br><br>        v.<br><br>CARLOS GUTIERREZ, Secretary, United States Department of Commerce,<br><br>    Defendant. | Civil Action No. 06-1815 (JDB) |

## ORDER

On August 17, 2007, this Court issued a Memorandum Opinion in this case granting in part and denying in part both of the cross-motions for summary judgment that were before the Court. In particular, the Court granted summary judgment to the National Marine Fisheries Service ("NMFS") because it found that Amendment 13C complied with National Standards 2, 4, and 8 of the Magnuson-Stevens Act ("Magnuson Act"). Mem. Op. at 49-50, Dckt. No. 34 ("hereinafter "Mem. Op."). At the same time, the Court also held that Amendment 13C was unlawful because while it permissibly imposed restrictions to end "overfishing of snowy grouper and black sea bass," it failed to "include a plan to rebuild those species" as required by the Magnuson Act. Id. Consequently, the Court ordered the parties to confer and submit either a joint proposal or separate proposals concerning the proper remedy in this case. Id. at 64. The parties did indeed meet to discuss a consensus remedy on September 10, 2007 but were ultimately unable to reach an agreement; accordingly, each party has submitted a separate proposal. Pls.' Br. on Remedy at 2-3. The Court must therefore consider which, if either, of the proposals to accept.

Upon consideration of the parties' separate proposals, and for the reasons set forth below, the Court concludes that defendant's proposed remedy should be entered.

According to defendant's proposal, NMFS has committed to implement a rebuilding plan for snowy grouper and black sea bass by March 31, 2008.  Def.'s Remedy Proposal at 6.  The crux of that proposal calls for NMFS to separate out the rebuilding provisions for snowy grouper and black sea bass that were originally contained in Amendment 15 and place them instead into a distinct Amendment 15A where they can proceed through the administrative process in expedited fashion.  Id. at 5-6.  In short, defendant's plan proceeds along the following path: (1) NMFS will first make a motion before the South Atlantic Fishery Management Council ("Council") to approve Amendments 15A and 15B for public comment during the Council's September 2007 meeting; (2) on October 12, 2007, NMFS will release the requisite draft Environmental Impact Statement concerning Amendment 15A; (3) during the Council's December 2007 meeting, the Council will vote to take final action on Amendment 15A and submit it for review by the Secretary; and (4) following the appropriate public comment period, NMFS will adopt Amendment 15A (if approved) on March 31, 2008.  Id. at 6.  The Court notes that the Council approved Amendments 15A and 15B for public comment on September 20, 2007.  See South Atlantic Fishery Management Council Meeting, Summary Council Motions at *2, available at http://www.safmc.net/Portals/6/Meetings/Council/SummaryMotionsSept07.pdf.

Defendant's proposal is directly responsive to the Court's instruction "timely to remedy the absence of a rebuilding plan."  Mem. Op. at 64.  Moreover, the proposed rebuilding plan is consistent with NMFS's general rebuilding plan criteria as defined in the agency's own "Technical Guidance" specifications.  Def.'s Remedy Proposal at 3-4.  Additionally, the putative rebuilding

plan calls for the maximum allowable time to rebuild the stocks in question, which minimizes -- to the extent possible -- the adverse impact on plaintiffs and the rest of the regulated community. Id. at 10-11. In sum, defendant's proposal addresses the chief legal infirmity that this Court identified in its Memorandum Opinion, and it does so promptly and in a manner that is consistent with the agency's own guidelines for developing an adequate rebuilding plan.

Plaintiffs' proposed remedy, by contrast, would effectively require re-litigating many of the issues already resolved in this Court's Memorandum Opinion. First, plaintiffs disapprove of NMFS' proposed rebuilding plan itself. Pls.' Br. on Remedy at 9. They do not, however, explain why it does not meet the legal requirements of an adequate rebuilding plan, even if it is not as comprehensive as the plan originally proposed in Amendment 15. In any event, plaintiffs will have an opportunity to air their displeasure during the public comment period. Next, plaintiffs urge the Court to require NMFS to implement or consider various management measures in the rebuilding plan, including: (1) accountability measures for the recreational sector (id. at 10), (2) allegedly onerous trip limits (id. at 11), and (3) regional quota allocations (id. at 10). The Court declines to do so. As the defendant correctly points out, these proposals effectively "reviv[e] [plaintiffs'] challenges to the overfishing regulations."[1] Def.'s Remedy Proposal at 15. Plaintiffs also urge the Court to reinstate the snowy grouper and black sea bass quota levels that were in place for the "first year of Amendment 13C" on an interim basis pending the adoption of a legally adequate rebuilding plan. Pls.' Br. on Remedy at 12-13. The Court, however, does not see how reinstating prior quotas will remedy the main legal infirmity identified in this case: the lack of a

---

[1] The Court notes that the Council has already submitted Amendment 15B -- which addresses many of the plaintiffs' management concerns -- for public comment.

rebuilding plan.  Finally, plaintiffs' proposal would delay implementation of the rebuilding plan to, at the earliest, "a target date of January 2009."  Id. at 13.  Thus, plaintiffs' suggestion would take far longer to effectuate than defendant's proposal, thereby frustrating the Court's direction to implement the remedy in a timely fashion.

There is still some cause for concern, however, over some timing aspects of NMFS's plan.  Although the Court recognizes that NMFS is bound in large part by the dictates of the administrative calendar, there is still some degree of added time built into the defendant's proposed schedule.  The final day of the Council's next meeting is December 7, 2007.  Assuming that the Council approves Amendment 15A, NMFS will "immediately commence its review of Amendment 15A."  Crabtree Decl. ¶ 16.  The Magnuson Act then requires that Amendment 15A be available for public comment for a period of 60 days.  Id.  Following the 60-day comment period, the Secretary would have thirty days to approve, amend, or reject the Amendment.  Id. ¶ 17.  Thus, following Council approval in December 2007, there is a 90-day administrative window for action on Amendment 15A.  If NMFS was held strictly to that window -- assuming that the Council approves Amendment 15A on December 7, 2007 -- then the 90-day period would expire on Thursday, March 6, 2008.  The Court will not in fact hold NMFS strictly to that schedule, but in the interests of ensuring that Amendment 15A proceeds in an expedited fashion, the Court will require the Secretary to approve, amend, or reject Amendment 15A by not later than Friday, March 14, 2008.  This deadline should permit ample time for proper consideration but also require that the agency proceed promptly through this process.[2]

---

[2] There is, of course, no requirement that the Secretary take a full 30 days to consider Amendment 15A once NMFS review is completed; indeed, this matter should, in the Court's view, not require that full period for Secretarial action.

Therefore, upon consideration of the Defendant's Remedy Proposal and Plaintiff North Carolina Fisheries Association's Brief on Remedy, and the entire record herein, it is hereby

**ORDERED** that the Court adopts Defendant's Remedy Proposal with the indicated modifications; and it is further

**ORDERED** that the defendant shall adhere to the following schedule: (1) defendant shall send a Notice of Availability of a Draft Supplemental Environmental Impact Statement concerning Amendment 15A to the Environmental Protection Agency by not later than October 12, 2007 and publish said notice in the Federal Register by not later than October 19, 2007; (2) assuming that the Council approves Amendment 15A at the December 2007 meeting, NMFS shall <u>immediately</u> commence its review and make Amendment 15A available for public comment by publishing notice in the Federal Register; and (3) the Secretary shall approve, amend, or reject Amendment 15A by not later than March 14, 2008.

**SO ORDERED.**

/s/
JOHN D. BATES
United States District Judge

Dated:   October 2, 2007